# EXHIBIT A
*(Follows)*

4/13/2026 10:45 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113558301
By: Chandra Lawson
Filed: 4/13/2026 12:00 AM

CAUSE NO. _2026-24386_____

| | | |
|---|---|---|
| VICTOR "SIDD" CADENA, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| 13 STRIKES, LLC | § | |
| *Defendants*. | § | _157th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff Victor "Sidd" Cadena ("Cadena") and files this Plaintiff's

Original Petition, and would show the court the following:

## DISCOVERY LEVEL

1.      Plaintiff intends discovery to be conducted under Level 2 pursuant to Texas Rule of

Civil Procedure 190.4.

## PARTIES

2.      Plaintiff Victor "Sidd" Cadena is an individual residing in Harris County, Texas.

3.      Defendant 13 Strikes, LLC, is a Texas Limited Liability Company that transacts

business in the State of Texas. It may be served with citation by serving its registered agent,

Registered Agents Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the claims asserted herein because the damages

sought are within the jurisdictional limits of this Court. Plaintiff seeks monetary relief over

$100,000 but not more than $1,000,000.

5.      Venue is proper in Harris County, Texas, pursuant to Texas Civil Practice & Remedies Code § 15.002(a)(1), because all or a substantial part of the events giving rise to Plaintiff's claims occurred in Harris County.

## FACTUAL BACKGROUND

6.      Plaintiff Victor Cadena is a professional chef who was employed by Defendant 13 Strikes, LLC as head chef at its restaurant, "Thirteen," located in Houston, Harris County, Texas. Plaintiff was employed by Defendant from approximately January 6, 2024 through February 17, 2025.

7.      During his employment, Plaintiff routinely worked in excess of 70 hours per week. On numerous occasions, Plaintiff was required to remain on the premises through the night to address operational emergencies caused by Defendant's negligent maintenance of the restaurant. Defendant failed to compensate Plaintiff at the overtime rate required by applicable law for hours worked in excess of 40 per workweek.

8.      On multiple occasions—no fewer than five—Defendant's restaurant experienced sewage backups caused by Defendant's negligent maintenance of the restaurant that caused raw sewage and fecal matter to flood the premises, including areas in which food was prepared and served. Defendant required Plaintiff, along with minimal janitorial staff, to physically clean the contaminated areas without adequate protective equipment. On only two of these occasions did Defendant hire a professional cleaning company. On the remaining three occasions, Plaintiff was directed to perform the cleanup himself.

9.      As a direct result of exposure to sewage and fecal matter during cleanup operations, Plaintiff suffered a severe and persistent skin rash. Plaintiff sought medical treatment at a

2

nearby urgent care clinic, where a physician diagnosed and treated the condition. Plaintiff bears permanent scarring from this rash.

10.     Additionally, Defendant and/or its management wrongfully and maliciously accused Plaintiff of being responsible for a commercial blender that went missing from the restaurant's kitchen. Defendant threatened adverse action against Plaintiff and Plaintiff's former staff and coworkers unless the blender was paid for. Under duress and in order to protect himself and his coworkers from retaliation, Plaintiff paid Defendant's General Manager and long-time friend of Defendant's owner (James Harden), John (J.O.) Ricks, $2,000 for the missing blender, despite being falsely accused and having no responsibility for its disappearance. Plaintiff is unaware if Mr. Ricks ever turned over the $2,000 to Defendant.  The proof of payment is below:



11.     During Plaintiff's employment, Defendant failed to pay its vendors and creditors. As a result, vendors and creditors contacted Plaintiff directly—on his personal cell phone, including calls in the middle of the night—seeking payment for Defendant's debts. This

3

harassment was so pervasive and disruptive that Plaintiff was ultimately compelled to change his personal phone number.

12.    Defendant's operational failures and misconduct became public, including closures of the restaurant related to nonpayment to creditors and other legal proceedings involving Defendant's principals or management. These events were publicly associated with Plaintiff in his capacity as head chef, causing damage to his professional reputation and resulting in lost business opportunities.

## CAUSES OF ACTION

### COUNT I — UNPAID OVERTIME WAGES

13.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

14.    Plaintiff was a non-exempt employee entitled to overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 207, and/or the Texas Payday Act, Tex. Lab. Code § 61.001 et seq.

15.    Defendant willfully failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate for all hours worked in excess of 40 per workweek.

16.    As a result of Defendant's violations, Plaintiff has suffered damages in the form of unpaid wages and overtime compensation in an amount to be determined at trial, together with liquidated damages, attorney's fees, and costs as permitted by law.

### COUNT II — NEGLIGENCE / PREMISES LIABILITY (Sewage Exposure and Personal Injury)

17.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

4

18.    Defendant owed Plaintiff a duty to provide a reasonably safe workplace and to protect him from foreseeable hazards, including repeated exposure to raw sewage and biohazardous waste.

19.    Defendant breached that duty by requiring Plaintiff to perform sewage cleanup without adequate protective equipment, without professional remediation services, and under conditions that posed an unreasonable risk of harm.

20.    As a proximate result of Defendant's negligence, Plaintiff suffered physical injury including a severe skin rash and permanent scarring, medical expenses, and physical pain and suffering.

## COUNT III — MONEY HAD AND RECEIVED / UNJUST ENRICHMENT

### (Blender Payment Under Duress)

21.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

22.    Defendant coerced Plaintiff into paying $2,000 by threatening adverse consequences to Plaintiff's coworkers. Plaintiff had no legal obligation to pay for the missing blender.

23.    It would be inequitable for Defendant to retain the $2,000 payment made under duress. Plaintiff is entitled to its return in full.

## COUNT IV — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

24.    Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25.    Defendant's conduct—including threatening Plaintiff's coworkers to extract a payment, causing Plaintiff to receive harassing calls from Defendant's creditors at all hours,

5

and requiring Plaintiff to personally clean raw sewage on multiple occasions—was extreme and outrageous.

26. Defendant acted intentionally or recklessly with respect to the effect of its conduct on Plaintiff.

27. Plaintiff suffered severe emotional distress as a result of Defendant's conduct.

## COUNT V — DEFAMATION / BUSINESS DISPARAGEMENT (Reputational Harm from Defendant's Misconduct)

28. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

29. Defendant's public operational failures, including restaurant closures due to nonpayment and association with DUI-related legal proceedings, were publicized in a manner that was directly associated with Plaintiff in his professional capacity as head chef of Thirteen restaurant.

30. This association caused third parties to form a false and negative impression of Plaintiff's professional competence and character, resulting in lost business opportunities and harm to his professional reputation.

31. Plaintiff has suffered and will continue to suffer pecuniary damages as a result of this reputational harm.

## DAMAGES

32. As a direct and proximate result of Defendant's conduct described herein, Plaintiff has suffered the following damages:

- Unpaid overtime wages and compensation;
- Liquidated damages under the FLSA;

6

- Reimbursement of the $2,000 blender payment made under duress;

- Past and future medical expenses arising from sewage exposure;

- Physical pain and suffering, including permanent scarring;

- Mental anguish and emotional distress;

- Lost business and reputational damages;

- Reasonable and necessary attorney's fees and expenses and costs of court.

## JURY DEMAND

33. Plaintiff demands a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victor "Sidd" Cadena respectfully requests that the Court:

- Enter judgment for Plaintiff and against Defendant on all counts;

- Award Plaintiff his unpaid wages, overtime compensation, and liquidated damages;

- Award Plaintiff actual damages for personal injury, medical expenses, pain and suffering, and permanent scarring;

- Award Plaintiff $2,000 in restitution for the coerced blender payment;

- Award Plaintiff damages for emotional distress and reputational harm;

- Award Plaintiff his reasonable attorney's fees and costs;

- Award such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

7

Respectfully submitted,

Curth Legal Group, PLLC


By: _____/s/ Mark Junell_____
       Mark A. Junell (SBN 24032610)
       7210 Shavelson St.
       Houston, Texas 77055
       (713) 397-5530
       mark@junellfirm.com

**Attorneys for Plaintiffs**