# EXHIBIT C
*(Follows)*

5/11/2026 8:55 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 114702654
By: Nathaly Espino
Filed: 5/11/2026 8:55 AM

## CAUSE NO. 2026-24386

| | | |
|---|---|---|
| VICTOR "SIDD" CADENA,<br>*Plaintiff*, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | 157th JUDICIAL DISTRICT |
| 13 STRIKES, LLC,<br>*Defendant.* | §<br>§<br>§ | HARRIS COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant 13 Strikes, LLC ("Defendant"), and files this Original Answer in response to the allegations contained in Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I.   GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, material allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence as required by law.

### II.   AFFIRMATIVE DEFENSES

Without waiving the foregoing general denial, and subject to amendment as discovery proceeds, Defendant asserts the following affirmative defenses:

1.      Plaintiff's claims, in whole or in part, fail to state facts upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to the limitations periods set forth in the Fair Labor Standards Act, 29 U.S.C. § 255.

---

3.      Defendant acted in good faith and with reasonable grounds for believing its acts and omissions complied with applicable law, including the Fair Labor Standards Act, thereby barring or limiting any recovery of liquidated damages pursuant to 29 U.S.C. § 260.

4.      Plaintiff was properly compensated for all hours worked of which Defendant had actual or constructive knowledge.

5.      Plaintiff failed to accurately report or record the hours allegedly worked and failed to comply with Defendant's policies and procedures regarding the reporting of time worked and overtime hours.

6.      Defendant lacked actual or constructive knowledge that Plaintiff allegedly performed uncompensated work or overtime work for which Plaintiff now seeks recovery.

7.      To the extent Plaintiff worked any overtime hours for which compensation is sought, such work was unauthorized and performed contrary to Defendant's policies and procedures.

8.      Plaintiff's claims for overtime compensation are barred, in whole or in part, because Plaintiff was exempt from the overtime requirements of the Fair Labor Standards Act and other applicable law.

9.      Plaintiff's alleged damages, if any, were caused in whole or in part by Plaintiff's own acts, omissions, negligence, comparative fault, or failure to exercise ordinary care, thereby reducing or barring recovery pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code.

10.      Plaintiff failed to mitigate his alleged damages, if any, and recovery is barred or reduced to the extent damages could have been avoided through the exercise of reasonable care and diligence.

11.     Plaintiff's negligence and premises liability claims are barred, in whole or in part, by the exclusive remedy provisions of the Texas Workers' Compensation Act.

12.     The conditions and circumstances complained of by Plaintiff were open and obvious, known to Plaintiff, and voluntarily encountered by Plaintiff.

13.     Plaintiff's alleged injuries and damages were caused in whole or in part by preexisting conditions, subsequent conditions, intervening causes, superseding causes, or conditions unrelated to any act or omission of Defendant.

14.     Plaintiff cannot establish that any act or omission by Defendant proximately caused the injuries or damages alleged in the Petition.

15.     Plaintiff's claims for intentional infliction of emotional distress are barred because such claims are unavailable where the complained-of conduct is covered by other statutory or common-law remedies.

16.     The conduct alleged by Plaintiff does not, as a matter of law, rise to the level of extreme and outrageous conduct required to support a claim for intentional infliction of emotional distress.

17.     Plaintiff cannot establish severe emotional distress as required to recover for intentional infliction of emotional distress.

18.     Plaintiff's claims for defamation and/or business disparagement are barred because Defendant did not publish any false statement concerning Plaintiff.

19.     Any statements or publications made by Defendant, if any, were true or substantially true.

20.     Plaintiff's claims for defamation and/or business disparagement are barred because Plaintiff cannot establish the existence of any defamatory statement, publication, malice, or recoverable pecuniary loss.

21.     Any alleged statements, conduct, or acts by third parties were outside the course and scope of any agency or employment relationship with Defendant, and Defendant is therefore not liable for such conduct.

22.     Plaintiff's claims for money had and received and/or unjust enrichment are barred because Defendant did not receive, retain, or wrongfully benefit from the monies allegedly paid by Plaintiff.

23.     Any payment allegedly made by Plaintiff was voluntary and not the result of legal duress.

24.     Defendant is entitled to offset, credit, setoff, recoupment, and/or reduction for all sums previously paid or otherwise recoverable by Plaintiff.

25.     Plaintiff seeks duplicative and impermissible double recovery for the same alleged injuries and damages.

26.     Plaintiff's claims for exemplary, punitive, or non-economic damages, if any, are limited and capped by the applicable provisions of Texas law, including but not limited to Chapter 41 of the Texas Civil Practice and Remedies Code.

27.     Defendant reserves the right to assert such other defenses and affirmative defenses as may become apparent through discovery and expressly reserves the right to amend this Answer accordingly.

### III.  **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant 13 Strikes, LLC respectfully prays that Plaintiff Victor "Sidd" Cadena take nothing by way of his claims, that Defendant recover its costs of court and reasonable and necessary attorneys' fees, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**RIGBY SLACK LAWRENCE
PEPPER + COMERFORD, PLLC**

By: */s/ David C. Lawrence*
  David C. Lawrence
    State Bar No. 24041304
  Patrick S. Richter
    State Bar No. 00791524
3500 Jefferson Street, Suite 330
Austin, Texas 78731
Telephone: (512) 782-2060
dlawrence@rigbyslack.com
prichter@rigbyslack.com
**ATTORNEYS FOR DEFENDANT
13 STRIKES, LLC**

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Texas Rules of Civil Procedure on May 11, 2026.

Mark A. Junell (SBN 24032610)
THE JUNELL LAW FIRM, P.C.
7210 Shavelson St.
Houston, Texas 77055
(713) 397-5530
mark@junellfirm.com

**COUNSEL FOR PLAINTIFF**

*/s/ David C. Lawrence*
David C. Lawrence

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Alani  Alvarez on behalf of David Lawrence
Bar No. 24041304
aalvarez@rigbyslack.com
Envelope ID: 114702654
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 5/11/2026 9:30 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Patrick Richter | | prichter@rigbyslack.com | 5/11/2026 8:55:34 AM | SENT |
| David C.Lawrence | | dlawrence@rigbyslack.com | 5/11/2026 8:55:34 AM | SENT |
| Alani  Alvarez | | aalvarez@rigbyslack.com | 5/11/2026 8:55:34 AM | SENT |
| Mark Junell | 24032610 | mark@junellfirm.com | 5/11/2026 8:55:34 AM | SENT |