**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VICTOR "SIDD" CADENA,<br>　　　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | **Civil Action No. H-4:26-cv-03841** |
| 13 STRIKES, LLC,<br>　　　*Defendant*. | §<br>§<br>§<br>§ | |

**DEFENDANT 13 STRIKES, LLC'S INITIAL DISCOVERY PROTOCOL**
**RESPONSES FOR FAIR LABOR STANDARDS ACT CASES NOT PLEADED AS**
**COLLECTIVE ACTIONS**

Pursuant to the Court's Initial Discovery Protocols for Fair Labor Standards Act Cases Not Pleaded as Collective Actions and Rule 26 of the Federal Rules of Civil Procedure, Defendant 13 Strikes, LLC ("Defendant") serves these Initial Discovery Protocol Responses.

These responses are based on the information presently available after a reasonable inquiry. Defendant's investigation is ongoing, and these responses are made without prejudice to Defendant's continuing obligation to supplement or amend them in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and the Court's Order.

## I.　　DOCUMENTS TO BE PRODUCED

### A. Time and Pay Records

Defendant will produce all responsive, non-privileged payroll records, wage statements, time records, and other compensation records relating to Plaintiff that are within its possession, custody, or control.

### B. Internal Complaints

Defendant will produce any responsive, non-privileged documents concerning complaints made by Plaintiff regarding wages, hours worked, overtime compensation, or other matters relevant to Plaintiff's claims, if any.

**C.  Sworn Statements**

After a reasonable inquiry, Defendant is not presently aware of any sworn statements concerning Plaintiff's FLSA claims. Defendant will supplement these disclosures if responsive information is later identified.

**D.  Documents Supporting Good Faith Defense**

Defendant will produce any responsive, non-privileged documents upon which it may rely in support of its good-faith defense, including documents concerning compensation practices, timekeeping practices, payroll practices, employee classification, policies and procedures regarding the reporting of hours worked, and communications or records concerning Plaintiff's job duties, hours worked, compensation, and time reporting.

**E.  Employment Agreements**

Defendant will produce any responsive, non-privileged offer letters, employment agreements, compensation agreements, or similar employment documents relating to Plaintiff that are within its possession, custody, or control.

**F.  Collective Bargaining Agreement**

After a reasonable inquiry, Defendant is not presently aware of any collective bargaining agreement applicable to Plaintiff's employment. Defendant will supplement these disclosures if responsive information is later identified.

**G.  Job Description**

Defendant will produce any responsive, non-privileged written job description for Plaintiff's position that is within its possession, custody, or control. If no written job description exists, Defendant will provide a description of Plaintiff's job duties in the information disclosures below.

**H. Compensation Policies**

Defendant will produce any responsive, non-privileged policies, procedures, or guidelines concerning employee compensation, payroll, timekeeping, scheduling, overtime, and the reporting of hours worked that are relevant to Plaintiff's claims.

**I.  Employee Handbook**

Defendant will produce the cover page, table of contents, and applicable portions of any employee handbook, code of conduct, or employment policies and procedures manual pertaining to compensation or time worked.

**J.  Documents Supporting Defendant's Defenses**

Defendant will produce any responsive, non-privileged documents upon which it may rely to support its defenses and affirmative defenses, including documents concerning Plaintiff's compensation, hours worked, schedules, time records, time-reporting practices, job duties, classification, pay practices, policies, communications, and documents relating to Defendant's knowledge, good faith, willfulness, limitations, exemption, or Plaintiff's alleged failure to report or record time.

**K.  Insurance Agreements**

Defendant will produce any insurance agreement subject to disclosure under Rule 26(a)(1)(A)(iv), if applicable.

## II.    INFORMATION TO BE PRODUCED

**A. Employment Information**

Following collection and review of Defendant's employment records, Defendant will supplement these disclosures with the following information, to the extent applicable:

**1.** Plaintiff's employment dates;

2. Plaintiff's work location(s);

3. Plaintiff's job title(s);

4. Plaintiff's employee identification number, if applicable;

5. Plaintiff's exempt or non-exempt classification; and

6. Plaintiff's immediate supervisor(s).

## B. Job Duties

If Defendant does not maintain a written job description for Plaintiff, Defendant will supplement these disclosures with a description of Plaintiff's job duties following review of Defendant's employment records and consultation with individuals having knowledge of Plaintiff's employment.

## C. Persons with Knowledge

Subject to supplementation, Defendant presently identifies the following individuals or categories of individuals believed to have discoverable information concerning Plaintiff's FLSA claims or Defendant's defenses:

**John "J.O." Ricks**

*May have knowledge concerning Plaintiff's employment, restaurant operations, management, compensation-related issues, Plaintiff's allegations, and other matters relevant to the claims and defenses in this action.*

**Current and Former Managers, Supervisors, Payroll Personnel, Human Resources Personnel, Timekeeping Personnel, and Custodians of Records for Defendant**

*May have knowledge concerning Plaintiff's employment, job duties, work schedule, hours worked, compensation, payroll, timekeeping practices, policies and procedures, alleged complaints, and Defendant's defenses.*

**Current and Former Employees of Defendant Who Worked with Plaintiff During the Relevant Time Period**

*May have knowledge concerning Plaintiff's job duties, work schedule, hours worked, restaurant operations, staffing, alleged overtime, and other factual issues relevant to Plaintiff's claims and Defendant's defenses.*

**Victor "Sidd" Cadena**

*Plaintiff may have knowledge concerning his employment, job duties, hours worked, compensation, alleged damages, and the factual bases for the claims asserted in this action.*

## D.  Complaints Regarding Overtime or Compensation

After a reasonable inquiry, Defendant is not presently aware of any internal written or oral complaint by Plaintiff concerning the FLSA claims asserted in this action. Defendant will supplement these disclosures if responsive information is later identified, including whether any such complaint was written or oral, the date it was made, the individual to whom it was made, and any response provided by Defendant.

### III.    CONTINUING DUTY TO SUPPLEMENT

Defendant's investigation is ongoing. These Initial Discovery Protocol Responses are based on the information reasonably available at this time. Defendant will supplement or amend these responses as required by Rule 26(e) of the Federal Rules of Civil Procedure and the Court's Initial Discovery Protocols.

Respectfully submitted,

**RIGBY SLACK LAWRENCE PEPPER + COMERFORD, PLLC**

By: */s/ David C. Lawrence*
    David C. Lawrence
      State Bar No. 24041304
    Patrick S. Richter
      State Bar No. 00791524

3500 Jefferson Street, Suite 330
Austin, Texas 78731
Telephone: (512) 782-2060
dlawrence@rigbyslack.com
prichter@rigbyslack.com
**ATTORNEYS FOR DEFENDANT 13 STRIKES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant 13 Strikes, LLC's Initial Discovery Protocol Responses was served on all counsel of record in accordance with the Federal Rules of Civil Procedure on July 10, 2026.

Mark A. Junell (SBN 24032610)
**THE JUNELL LAW FIRM, P.C.**
7210 Shavelson St.
Houston, Texas 77055
(713) 397-5530
mark@junellfirm.com

**COUNSEL FOR PLAINTIFF**

*/s/ David C. Lawrence*
David C. Lawrence